IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONALD WILKINS #20090031370,   )
                               )
        Plaintiff,              )
                               )
   v.                           )   No.  09 C 7373
                               )
COOK COUNTY JAIL,              )
                               )
        Defendant.              )

## MEMORANDUM ORDER

Donald Wilkins ("Wilkins") has used a form of 42 U.S.C. §1983 ("Section 1983") Complaint, provided by this District Court's Clerk's Office for use by persons in custody, to sue a defendant designated only as "Cook County Jail" ("Jail"). Wilkins has also submitted a Clerk's-Office-supplied In Forma Pauperis Application ("Application") in an effort to be permitted to proceed without payment of the $350 filing fee--but he has omitted the last page of the Application, so that he has neither signed it nor complied with (1) its requirement of a certification regarding his prisoner trust fund account or (2) the statutory requirement that he submit a certified copy of that account for the six-month period preceding the filing of his Complaint (see 28 U.S.C. §1915(a)(2)[1]).  This memorandum order addresses Wilkins' filings.

---

[1] All further references to that section and to 28 U.S.C. §1915A provisions will also take the form "Section--." Despite their numbering also being in the 1900s, that usage should not create any confusion with this order's reference to Title 42's Section 1983.

First as to the Application, except for its already-mentioned incompleteness it appears to make the necessary showing of poverty on Wilkins' part. But our Court of Appeals has regularly made it plain that a plaintiff's submission of a nonfrivolous claim in the legal sense is also a necessary precondition to the granting of in forma pauperis status--and as the ensuing discussion reflects, Wilkins also flunks that requirement.[2]

For one thing, the Jail is not a legal entity--a "person"--suable under Section 1983. And even if that flaw could be cured by Wilkins' identification of a proper target for his grievance, his Complaint suffers from the more serious--and incurable--defect that the matter about which he complains does not involve the denial of a constitutional right cognizable under Section 1983. If errors have been made in the handling of the paperwork so that he was mistakenly transferred from the Jail to the Jefferson County Jail, those procedural errors have not created a constitutional deprivation.

Accordingly, not only must the Application be denied, but in addition this Court's preliminary screening under Section 1915A(a) calls for dismissal of the Complaint and this action

---

[2] This Court will not pause to explore the interrelationship between the just-stated principle and the provision of Section 1915(a)(1) that could be read literally to stick Wilkins with the obligation to pay the $350 filing fee anyway (although on an installment basis). In that respect Wilkins should be grateful for having dodged that bullet.

pursuant to Section 1915A(b)(1). This Court so orders in all respects. Moreover, this dismissal constitutes a "strike" for purposes of Section 1915(g).

                                           _____
                                           Milton I. Shadur
                                           Senior United States District Judge

Date:  December 1, 2009